## ESTATE OF PETER FYOCK, DECEASED.

APPEAL BY J. J. R. ZERFASS FROM THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 19, 1890—Decided June 2, 1890.

(a) A husband and wife were married and domiciled in Pennsylvania. In 1878, the husband having deserted his wife, a decree of divorce a mensa et thoro was granted to the wife, by the court of the domicile in that state. In 1881, a decree of divorce absolute was granted to the husband by a court in Nebraska, the wife still domiciled in Pennsylvania:

1. In such case, the husband having returned to Pennsylvania, where he died intestate in 1889, and the court of Nebraska granting the divorce on his application having no jurisdiction, neither decree was effective to take away the right of the wife to receive letters of administration upon the estate of her deceased husband.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 122 January Term 1890, Sup. Ct.; court below, number and term not given.

On July 13, 1889, Nancy Fyock filed in the court below an appeal from the decree of the register of wills granting to Joseph J. R. Zerfass letters of administration upon the estate of Peter Fyock, deceased. Answer having been filed by Mr. Zerfass, the respondent, and argument had, the court, PATTERSON, J., on November 25, 1889, filed the following opinion:

The said Peter Fyock died intestate on May 24, 1889, at Ephrata, Lancaster county, Pa. Nancy Fyock, claiming to be the widow of said deceased, filed on June 25, 1889, her caveat in the register's office, against the granting of letters testamen-

*Opinion of Court below.*

tary or of administration on the estate of said deceased. On July 5, 1889, she asked for letters of administration, and at the same time J. J. R. Zerfass made the same application. Hearing was had the same day before the register, and the register, on said July 5, 1889, granted letters of administration to said J. J. R. Zerfass. On July 12, 1889, said Nancy appealed from the action of the register to the Orphans' Court. The case was argued at the September argument court, 1889, when the following additional facts were made to appear, viz.: That the said Nancy Fyock lives in Bedford county, Pennsylvania, and had lived there all her life, and never lived out of it; that her alleged husband, Peter Fyock, had "left his wife, the said Nancy, and gone away from her and had not been living with her for about ten years."

The certificate of marriage of said parties was presented before the register showing they were married December 20, 1866, at Harrisburg, Pa.

It is not disputed that the parties were legally married and lived and cohabited in Bedford county, Pa., for years; that said Peter moved to Nebraska in 1878 or 1881; that at the time of his death he lived at Ephrata, Lancaster county, and that Nancy, his wife, knew that he had returned and lived at the latter place; that Peter Fyock sued his wife Nancy for a divorce, in the Common Pleas of Bedford county, to February Term 1878, No. 38, and the court denied the divorce; that the said Peter Fyock sued Nancy Fyock in the District Court of Dawson county, of the state of Nebraska, to November Term 1881, in divorce, and on December 9, 1881, said court decreed, "it appearing to the court that said defendant had been duly and legally notified of the time and place of the pendency of this suit, and being three times solemnly called in open court came not, but made default, and the court after hearing the testimony in the case, etc., do find that the said defendant is guilty as charged in the petition of the said plaintiff; it is therefore considered and adjudged by the court that the said Peter Fyock be and is hereby divorced from the said defendant, Nancy Fyock," etc; also that the said Nancy Fyock did, on the twelfth day of October, 1878, sue in the Court of Common Pleas of Bedford county, in the state of Pennsylvania, of April Term 1878, and obtain a decree in divorce a mensa et thoro from the said

Peter Fyock. The foregoing facts appear from evidence other than that of Nancy Fyock, whose deposition and testimony the court did not entertain at all, for the reason that under the act of 1869, the testimony of the wife may not be admissible.

The respondent to this rule, amongst other things in his answer thereto, admits the fact of the suit in the divorce, in the state of Nebraska, and also the suit in Bedford county, Pennsylvania, of divorce a mensa et thoro by the wife ; also, that Peter Fyock returned from Nebraska, and resided near the village of Ephrata, Lancaster county, Pennsylvania, since the year 1882, up to his decease, and that during that time there were no family relations existing between said Nancy and said Peter Fyock, nor any conjugal intercourse whatever; also that said Peter died at the home of the respondent, J. J. R. Zerfass, near said village of Ephrata, on May 24, 1889, requiring care and attention during his last sickness; and that the said Nancy was fully aware of his whereabouts, and residing in the county of Bedford, Pa., never visited him or had any communication with him ; nor did she appear at his funeral; while the respondent and his family administered to his wants during his last sickness, and were compelled to bury him.

The inquiry will arise, are the foregoing facts sufficient to deprive a widow of her statutory preferred right to letters of administration on the estate of her husband dying intestate ?

The court is of the opinion that the foregoing fully establishes a series of facts upon adequate evidence that will justify the granting of letters of administration to widow Nancy. No hesitating doubts of ours can prevail against the facts admitted, and the law applicable as to widow's right. No insolvency of the applicant is alleged or shown, or we might under the rule in Cornpropst's App., 33 Pa. 537, assume her incompetency for the administration. Poverty is not insolvency, say the court in Bowersox's App., 100 Pa. 434.

The alleged divorce in which Peter Fyock was plaintiff, and instituted by him against his wife Nancy, in the court in the state of Nebraska, has no validity and did not affect the wife's right. The court in this instance had no jurisdiction. If a court has not jurisdiction, neither notice nor process duly served can give vitality to its judgments: Reel v. Elder, 62 Pa. 308; Colvin v. Reed, 55 Pa. 375. Nor did the suit by the wife in-

stituted in Bedford county, Pennsylvania, for divorce a mensa et thoro, destroy her right to administer.  We need not pursue this argument further.  The evidence shows that she, Nancy, did not elope from her husband, but he from her.  At the time of the decease of Peter Fyock, Nancy, the petitioner and applicant for letters of administration, was his lawful wife, and entitled to her statutory preferred right of administration on her husband's estate.

Rule absolute ; and it is ordered and decreed that the letters of administration granted by the register of wills of Lancaster, on July 5, 1889, are revoked and set aside.  The register will so enter the revocation, and grant letters of administration on estate of Peter Fyock to his widow Nancy.

—Thereupon, the respondent took this appeal, assigning the decree revoking his letters of administration, for error.

*Mr. T. B. Holahan* (with him *Mr. E. K. Martin*), for the appellant.

Counsel cited: Hettrick v. Hettrick, 55 Pa. 290; Odiorne's App., 54 Pa. 179; Nye's App., 126 Pa. 345; Ellmaker's Est., 4 W. 34; Coover's App., 52 Pa. 427.

*Mr. Thomas Whitson*, for the appellee.

Counsel cited: Clark v. Clark, 6 W. & S. 87; Colvin v. Reed, 55 Pa. 375; Reel v. Elder, 62 Pa. 308 ; Platt's App., 80 Pa. 501; Husbands on M. W., § 239.

PER CURIAM:

We affirm this decree upon the opinion of the learned judge of the court below.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.