## Heins's Estate.

*Divorce—Foreign divorce—Validity of foreign divorce in Pennsylvania—Ancillary letters of administration.*

Where a husband deserts his wife and moves to Nebraska and subsequently the wife obtains a decree a mensa et thoro with alimony, and thereafter the husband obtains an absolute divorce for desertion in Nebraska, the wife, domiciled in Pennsylvania, has, after the death of the husband, the right to ancillary letters of administration in this state. In such a case the Nebraska divorce is a nullity in Pennsylvania.

Argued Dec. 3, 1902.   Appeal, No. 171, Oct. T., 1902, by Minnie May Heins, from decree of O. C. Montgomery Co., April T., 1902, No. 46, dismissing appeal from register of wills in estate of Henry Heins, deceased.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from register of wills.

SOLLY, P. J., filed the following opinion :

Henry Heins, who was domiciled in Saline county, Nebraska, died there on April 6, 1888, leaving a will, which was probated in that county.   He was formerly a resident of Norristown, and was there joined in marriage in 1862.   The issue of the marriage are two daughters, now of full age, and who are living with their mother in Philadelphia.   Sometime prior to 1867 he left Norristown, deserted his wife and children, and went to Nebraska.   An action for divorce was commenced by the wife in the court of common pleas of this county to February term, 1867, No. 4, and a decree a mensa et thoro with alimony was in course entered.   In 1874 the decree was suspended upon condition that the respondent should pay all arrears of alimony and the costs.   The record shows no further proceeding.

Heins afterwards commenced a proceeding in the district court of Saline county for a divorce from his wife upon the ground of desertion for more than ten years, and that court entered decree on April 19, 1878.   Afterwards on May 1, 1879, he married one Mary Hutchinson, who survived him and died

November 15, 1894.   The issue of this marriage are two children, Minnie May and Edward Paul, the latter a minor.   The former is of full age and resides in the city of Philadelphia.

By his last will and testament the said Heins gave a certain part of his estate to his Nebraska wife, $50.00 each to his children by the Pennsylvania wife, and the balance of his estate he bequeathed to the two children of the second marriage.

John Heins, the father of the said Henry, died in this county on March 28, 1868, leaving a will wherein he bequeathed to his widow the interest of $5,000 for life and at her death divided the principal among his five children.   The widow died in 1901, and upon the audit of the account in the estate this court held that Henry Heins had a vested interest in the fund and awarded one fifth of it to an ancillary administrator to be appointed by the register of wills.

Applications for the grant of such letters were then made by Caroline Heins, the Pennsylvania widow, and by Minnie May Heins, the daughter of the second marriage, and one of the residuary legatees under the will.   After hearing, letters were granted to the former, and from this decree this appeal was taken by the daughter.

The grounds of appeal are that Caroline Heins is not a party in interest under the terms of her husband's will, and is not his widow so far as the distribution of his estate is concerned ; that the fund in this jurisdiction is personalty and will be distributed under the law of Nebraska, and whether the divorce obtained in that state is valid or not cannot be inquired into.   The appellant maintains that the widow has no right, therefore, to the letters, but that they should have been granted to her as one of the residuary legatees, she being a resident of this state and qualified under the law.

The contention that Caroline Heins is not the lawful widow cannot be sustained under the facts and the law.   She was lawfully wedded to him, which was followed by cohabitation and the birth of issue.   He deserted her and his children, removed to a foreign state, where he obtained a divorce upon the grounds of desertion by her when she was domiciled in this state.   At that time divorce proceedings were pending in the common pleas of this county, begun several years before, and the decree divorcing the wife a mensa et thoro with alimony had been suspended

upon conditions to be performed by the respondent. The Nebraska court was without jurisdiction, and its decree a nullity, because the wife never had a domicil in that state. Her residence was in Pennsylvania, the only matrimonial domicil of the husband and wife. The appellant refers to Atherton v. Atherton, 181 U. S. 155, as authority for the proposition that the divorce must be recognized by this court under the 1st section of the fourth article of the constitution of the United States, which provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. In that case the divorce was obtained by the husband in the state of Kentucky, which the court found had always been his "undoubted domicil," and "the only matrimonial domicil of husband and wife." The facts in that case were much different from those in this. The statutes of Kentucky also provide for notice, and the court said the only question to be decided was the validity of the divorce granted after such notice had been given as the statutes required.

In many of its features the case of Estate of Peter Fyock, 135 Pa. 522, is like the one at bar. There a husband and wife were married and domiciled in this state. The husband deserted the wife and the latter obtained a divorce a mensa et thoro in this state. Afterwards the husband was granted an absolute divorce by a court in Nebraska, the wife being domiciled in Pennsylvania. He afterwards returned here and died intestate. The wife having claimed the right to letters of administration it was held that the Nebraska court had no jurisdiction to grant the divorce, and as the divorce a mensa et thoro did not destroy the wife's right to administer, she was entitled to the grant of letters.

Caroline Heins claims to have an interest in the estate as a creditor and as widow. This is not the time or place to decide whether her claims can be sustained. The application to the register is for ancillary letters of administration.

The administrator will receive into his hands the assets of the estate in this state, over which the foreign executor has no jurisdiction. To him will be presented the claims of Pennsylvania creditors, if any, and, upon distribution and adjudication, whatever is left will be directed to be remitted to the executor of the domicil for distribution there. The 22d sec-

34 HEINS'S ESTATE.

Opinion of Court below—Opinion of the Court. [22 Pa. Superior Ct.

tion of the act of March 15, 1832, which provides "that in all cases of an administration with the will annexed, where there is a general residence of the estate bequeathed, the right to administer shall belong to those having the right to such residue, and the administration in such case shall be granted by the register to such one or more of them as he shall judge will best administer the estate," does not apply to the case of a foreign will, one probated in a foreign state. That act is intended to apply only to wills of decedents domiciled and dying within this commonwealth and therein probated, and when it becomes necessary to grant letters of administration with the will annexed. The letters to be granted in the case at bar are of administration ancillary simply. They have no relation to the will, for there is no distribution of the assets in this jurisdiction under the will. As already stated the residue, after paying debts here, must be remitted to the domicil and then be distributed under the will. The several grounds of appellant's contention are not tenable, so far as the real question here is concerned. I find no direct authority ruling the precise point here presented.

The widow is first entitled to letters of administration on the estate of her deceased husband, if she be a proper person to receive them, competent to act, and can give the required bond. It makes no difference if the application is for letters general or ancillary.

It being established that Caroline Heins is the lawful widow of Henry Heins, I am of the opinion she is entitled to letters of administration ancillary on his estate, and the decision of the register of wills is sustained.

And now, July 15, 1902, after hearing and due consideration, the appeal is dismissed at the costs of the appellant.

*Error assigned* was decree of the court.

*Daniel W. Simkins,* for appellant.

*Neville D. Tyson,* for appellee.

PER CURIAM, January 20, 1903:

The register of wills granted letters of administration, cum

Opinion of the Court.

testamento annexo, to Caroline Heins, as the widow of Henry Heins, deceased. An appeal from this decree was taken to the orphans' court, whose decree dismissing said appeal is now under consideration here.

The facts of the case are in the main fully and clearly stated in the opinion of the court below. The grounds upon which the decree is based are also fully and clearly set forth in said opinion.

The only question for consideration here is whether or not the letters of administration, cum testamento annexo, granted by the register were properly so granted. No question of distribution, either as to place or manner, is properly raised by this record. So far as the opinion of the court deals with the action of the register in issuing letter of administration to Caroline Heins, we are content to rest our disposition of the case upon it.

The decree of the orphan's court of Montgomery county, dismissing the appeal from the decision of the register of said county, is affirmed, and the appeal here dismissed at the cost of the appellant.