power vested in the executors which, under the rule stated in numerous decisions, does not work a conversion unless and until the power is exercised by them: Chamberlain's Est., 257 Pa. 113, and cases there cited.

The judgment is affirmed.

---

## Grossman's Estate (No. 1).

*Divorce—Foreign divorce as affecting property rights in husband's estate—Widow's exemption—Estoppel.*

1. A foreign divorce against a wife in no way affects the wife's right in the husband's estate in Pennsylvania, where it appears that the wife was never in the foreign jurisdiction, that she was not properly served with process, was not represented by counsel and that the cause of action did not arise in the foreign jurisdiction.

2. Where a husband and wife execute articles of separation by which they mutually renounce all rights in each other's estates, and thereafter the husband goes to a foreign jurisdiction and secures a divorce without lawful service on his wife, and without her being within the foreign jurisdiction or represented by counsel, and the husband then returns to Pennsylvania and marries another woman who has full knowledge of all the circumstances relating to the separation and divorce, and the man then dies, the second wife cannot claim the widow's exemption in his estate, although the first wife could not claim it because of the articles of separation. The children of the man by his first wife are entitled to the whole estate.

3. In such a case the lack of knowledge of the second wife as to the legal effect of the divorce in Pennsylvania, and the belief of the husband that the decree was effective in Pennsylvania, will not estop the heirs of the deceased husband from questioning the foreign divorce and the subsequent marriage with the second wife. The recognition of the deceased of the second wife as a wife did not invest her with a legal interest in his estate until it was made to appear that he was legally divorced from his first wife.

Argued Oct. 10, 1918. Appeal, No. 12, Oct. T., 1918, by Alice C. Grossman, from decree of Superior Court, April T., 1917, No. 90, affirming decree of O. C. Butler Co., June T., 1916, No. 74, setting aside appraisement of widow's exemption in Estate of John S. Grossman, de-

ceased. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Appeal from Superior Court. See Grossman's Est., 67 Pa. Superior Ct. 367.

HENDERSON, J., of the Superior Court, filed the following opinion:

The right of the appellant to the appraisement claimed by her depends on her ability to show that she is the widow of the decedent. John S. Grossman was a resident of Butler County, Pennsylvania, and was married to Laura Croll in 1885. They lived there together as husband and wife until the 13th day of January, 1911, when they entered into an agreement of separation. Thereupon, the husband went to the State of Nevada and on the 17th of November, 1911, filed a complaint for a divorce in the second judicial district of that State, which case was so proceeded with that a decree of divorce was entered on the 24th day of January, 1912. The cause of action did not arise in Nevada; Mrs. Grossman never was in that state; she did not appear by counsel in the divorce proceeding nor was she lawfully served with judicial process. After the decree referred to, Grossman returned to Pennsylvania, and on the 20th day of September, 1914, there married Alice C. Sprott, the appellant. That the court in Nevada was without jurisdiction to enter a decree against an absent defendant who had not acquired a bona fide domicile in that state, which would be binding on such defendant is settled by many authorities and is the law of this State. Whatever effect with respect to the marriage relation the decree may have in the state where it was entered it is not recognized as having any validity to affect the property rights of the divorced wife whose domicile has continued in this State. The court of Nevada had not jurisdiction and if without jurisdiction there was no vitality to its judgment which could affect the rights of the first wife:

Haddock v. Haddock, 201 U. S. 562; Estate of Fyock, 135 Pa. 522; Platt's App., 80 Pa. 501. In the latter case it was said that a decree of a court in Michigan without personal service, the respondent not having been a resident of the state "was nugatory and void so far at least as it affected the rights of parties in the State of Pennsylvania." The rights of the decedent's first wife to participate in her husband's estate would therefore not be affected by the decree of divorce. She waived all such right, however, in the contract of separation and has no standing to participate in the distribution of the estate even if the family relation had existed up to the time her husband went to Nevada. But the fact that she is not qualified does not invest the appellant with the right. It is the person recognized by the law of Pennsylvania as the widow of the decedent who can successfully make the claim. The same right cannot exist in two persons at the same time, and inasmuch as the first wife is the person recognized by the law of this State as entitled to the widow's exemption, it follows that the appellant is without legal standing to assert the claim. Waiver by the first wife or her inability to claim because the family relation did not exist does not transfer the right to one who claims as a widow through divorce proceeding which the law of this State refuses to recognize as having any extra territorial validity.

It is contended by the appellant that the children of the decedent are not parties in interest against the claim. That they are heirs at law of their father is unquestioned and as such they are entitled to all of his estate except that which may go to creditors or to the widow. They have standing to object that any part of the estate be diverted into any other channel than that in which the law declares it shall flow. Their mother not being entitled to claim the exemption, the fund which the law of the Commonwealth would have allotted to her must go to the children of the decedent unless the appellant's claim is valid in this State. The children have a direct

interest, therefore, in the controversy. On a similar state of facts in Platt's App., supra, the Orphans' Court awarded the fund to the children of the decedent against the claim of the woman whom the father had married after obtaining a divorce in Michigan, that divorce being held to be void so far at least as it affected the rights of the parties in the State of Pennsylvania.

The learned counsel for the appellant urges the proposition that the heirs of the deceased are estopped from questioning the Nevada divorce and the subsequent marriage of the claimant for the reason that the appellant was induced to enter into a marriage on the strength of the divorce in Nevada. The record does not disclose any imposition on the part of Grossman or any misrepresentation in regard to the proceeding in which the divorce was obtained. The appellant knew he was a married man living in Pennsylvania; that he went to Nevada; that within a short time thereafter he obtained a divorce and that soon after the decree was entered he returned to Pennsylvania and continued to reside there. She also knew that the first wife of the decedent was a resident of Butler County, Pennsylvania. She had knowledge of all the material facts, therefore, although she probably did not know what was the legal effect of the divorce so far as property rights were concerned in Pennsylvania. But this lack of legal knowledge is not a basis on which an estoppel can be erected. Grossman, of course, recognized the validity of the Nevada divorce and married the appellant presumably in the belief that the decree was effective in Pennsylvania, but neither his belief nor the appellant's could in any way vitalize a proceeding held by our courts to be of no effect in this Commonwealth. The recognition by him of the appellant as his wife does not invest her with a legal interest in his estate until it is made to appear that he was divorced from his wife by a decree of a court having jurisdiction of the parties and therefore competent to enter a decree effective in this State.

1919.]    Opinion of Court below—Opinion of the Court.

The decree, of the learned judge of the Orphans' Court is well supported by authority, and is affirmed.

*John R. Henninger,* for appellant.

*James M. Galbreath,* for appellee.

PER CURIAM, January 4, 1919:

The decree is affirmed on the opinion of the Superior Court affirming the decree of the Orphans' Court in setting aside the exemption. The assignments of error are overruled.

## Grossman's Estate (No. 2).

PER CURIAM, January 4, 1919:

It is agreed by counsel that the questions here involved are the same as in 12, October Term, 1918, between the same parties, and that a like decree must follow in each case. The decree is affirmed for the reasons stated in the opinion of the Superior Court in the earlier case.

## Commonwealth *v.* Burd, Appellant.

*Criminal law—Murder—Self-defense—Charge.*

A new trial will not be granted after a conviction in a murder case, on the ground that the trial judge's instruction given to the jury after they had retired and had returned, disclosed error as to the law of self-defense, where it appears that the trial judge gave the instruction in answer to a request by a juryman for further instruction as to the two degrees of murder, and that he confined himself to the jury's request, and correctly redefined the two degrees of murder without in any way departing from the correct instruction as to the law of self-defense, which he had given in his charge.