## Commonwealth, Appellant, v. Allen.

*Husband and wife—Parent and child—Maintenance—Settlement—Divorce.*

A divorce puts an end to all right of a wife to support from her former husband.

An order of court, directing a husband to pay $2 per week to his wife for support, cannot be revived after the lapse of more than 12 years, for the benefit of a minor daughter, when it appears that in the meantime the father had paid his wife a sum which was accepted by her in full settlement of the payments directed by the court to be made, and thereafter they had been divorced.

Submitted March 14, 1922. Appeal, No. 13, March T., 1922, by the Commonwealth, from judgment of Q. S. Cumberland County, May Sessions, 1910, No. 10, discharging rule in the case of Commonwealth v. Daniel L. Allen. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Dismissed.

Rule to show cause why arrearage due on an order of court for maintenance should not be paid. Before MAUST, P. J.

The opinion of the Superior Court states the case.
Rule discharged. Commonwealth appealed.

*Error assigned* was the judgment of the court.

*Merrill F. Hummel,* District Attorney, and *J. W. Wetzel,* for appellant.

*Herman Berg, Jr.,* for appellee.

OPINION BY PORTER, J., July 13, 1922:

This appeal is the result of an attempt to revive a proceeding which seemed to have come to an end many years ago. In 1907 the wife of the defendant having

made an information charging him with nonsupport, the court, after a hearing, on May 9, 1907, imposed the sentence that he "enter into recognizance in the sum of two hundred dollars, conditioned to pay his wife, Effie M. Allen, the sum of two dollars per week, and stand committed until this sentence is complied with." The wife subsequently presented a petition and obtained a rule to show cause why the defendant should not enter recognizance with a surety, which rule the court, on April 21, 1908, made absolute. The record proper does not disclose that anything further was done in the case until more than twelve years had elapsed when, on December 10, 1920, a petition was presented by Nellie B. Allen, setting forth the making of the order of court on May 9, 1907; that she was a minor daughter of the defendant and his wife, Effie M. Allen; that the defendant had not paid the $2 per week as directed by the court; that her mother had obtained a decree, in the Court of Common Pleas of Cumberland County, on April 13, 1909, divorcing her from Daniel L. Allen, on the ground of desertion; that her mother shortly thereafter removed to the State of Missouri, taking petitioner with her; that the defendant had paid nothing for the support of the petitioner since the order of May 9, 1907, and praying the court for a rule on the defendant to show cause why the arrearage due and owing on said order should not be paid and the amount to be paid by the defendant in the future increased. The court granted the rule to show cause as prayed for. The defendant filed an answer averring that he had, subsequently to and in pursuance of the order of May 9, 1907, paid to his wife the sum of $317, said payments having been made at various times, the last being the sum of $200 which was paid under an agreement that Effie M. Allen, the wife, should assume the support of the said Nellie B. Allen. The court, after a hearing, discharged the rule to show cause and the Commonwealth appeals.

We are not in this case dealing with the liability of this defendant to be called on to contribute to the support of his daughter in the future, nor is it necessary to consider the respective rights of this defendant and his divorced wife, who after the divorce went to Missouri and there remarried, to the custody of this daughter. If, under the law, the defendant can be required to support his daughter, who seems to be a resident of Missouri, that can be determined in a proper proceeding, in which the court will be called upon to consider questions as to the willingness and ability of the defendant to support his daughter in his own home and family and whether that home is a proper place for her to live: Keller v. Com., 71 Pa. 413. The opinion filed by the learned judge of the court below clearly discloses that the ground upon which he based his action discharging the rule was that when, on December 9, 1908, the defendant paid to his wife the sum of $200, it was in full settlement of all claims she had against her husband for the support of herself and child after the decree of divorce entered in her case. That finding of fact is fully supported by the evidence. The sentence of May 9, 1907, required the defendant to pay $2 per week to his wife, for support. The $200 which was paid in December, 1908, together with the amount which the testimony of the Commonwealth established had been paid before that time (although the defendant asserted that he had paid a larger amount) was more than sufficient to meet the requirements of the sentence until April 13, 1909, when the decree of divorce was entered. The divorce put an end to all right of the wife to support, and ought to have put an end to this case. There being competent testimony to sustain the finding of the court below, the assignments of error are overruled.

The appeal is dismissed.