INEZ BELL WARD *v.* BAYARD G. WARD

(No. 7941)

Submitted October 2, 1934. Decided October 16, 1934.

*Joseph J. Madden,* for appellant.

LITZ, JUDGE:

This is a suit for a limited divorce (on the ground of cruelty) and the custody of an infant child, the offspring of the marriage, born December 2, 1931. Defendant,

Bayard G. Ward, in answer to the bill of plaintiff, Inez Ward, pleaded an absolute divorce granted to him by a Nevada court. She thereupon filed an amended bill, charging invalidity of the Nevada divorce and praying its cancellation on the ground that it had been procured by fraud, affecting the jurisdiction of the foreign court, in that the defendant was never a domiciled resident or citizen of the state of Nevada.

The parties were intermarried October 30, 1928, and lived together as husband and wife in Randolph County, West Virginia, until August 24, 1931. Defendant went to Reno, Nevada, October 27, 1931. The Nevada suit was instituted by him December 9th, and this suit by her December 14, 1931. She was personally served in this state with process from the Nevada court on the 16th day of the same month. He returned to this state soon after the granting of the divorce on January 15, 1932.

The trial chancellor, in a written opinion, apparently adopts the firmly established rule that a divorce obtained in a state where neither party is domiciled is not entitled to the protection of the full faith and credit clause of the Federal Constitution, and also finds, in accordance with the report of a commissioner in chancery to whom the cause was referred, that defendant went to Nevada "for the sole and only purpose of obtaining a divorce"; but concludes that as defendant evidently intended to remain in Nevada the period of residence (which is six weeks) required by the statute of that state for a divorce, the adjudication should be accorded full faith and credit by the courts of this state. "Two things must concur to establish domicile, the fact of residence at a place and the intention to remain an indefinite time." *White v. Tenant,* 31 W. Va. 790, 8 S. E. 596. Ward, intending to remain in Nevada for a definite time and purpose (as the evidence discloses, in accordance with the findings of the commissioner and the trial court), did not acquire a domicile in that state; and not having done so, the alleged divorce is not entitled to recognition in West Virginia. "If a divorce * * * given in a state where neither party is domiciled, whether it be that the divorcing court

has been deceived as to the domicil of the parties, or whether its own municipal law permits. it to divorce non-residents, it is generally conceded that the decree is of no force in other States or countries, least of all in the State of the parties' domicil, whose sovereignty over the permanent status of its citizens has been outraged. In such cases the divorce court has no jurisdiction of the *res*, that is, the status of the parties (the situs of which is at their domicil), and hence even though both parties submit their cause to the divorce court, it is without power to effect the *res*, save within the limits of its own territory. The consent of the parties cannot give jurisdiction over their foreign status, for that would be to infringe upon the sovereignty of the domicil which is interested in the continuation of the relation." Minor, Conflict of Laws, page 197. "No valid divorce from the bond of matrimony can be decreed on constructive service by the courts of a state in which neither party is domiciled. * * * The recital in the proceedings of the facts necessary to show jurisdiction may be contradicted." *Bell* v. *Bell*, 181 U. S. 175, 45 L. Ed. 804. See also *Andrews* v. *Andrews*, 188 U. S. 14, 47 L. Ed. 366; *Winston* v. *Winston*, 189 U. S. 506, 47 L. Ed. 922; *Haddock* v. *Haddock*, 201 U. S. 562, 50 L. Ed. 867. The courts generally (Annotation, 39 A. L. R. 677), including the supreme court of Nevada, adhere to the rule. " 'Residence' is a settled or fixed abode of a character indicating permanency, or at least an intention to remain for an *indefinite* time, being made up of the physical fact of abode and the intention of remaining." *Presson* v. *Presson*, 38 Nev. 203, 147 P. 1081. "Residence in the state for statutory period of six months *solely for the purpose of obtaining a divorce is not sufficient to give jurisdiction*, but a bona-fide residence with the intention of remaining must appear, and plaintiffs must bring themselves clearly and affirmatively within the jurisdiction of the court." *Walker* v. *Walker*, 45 Nev. 105, 198 P. 433.

As the adjudication of the property rights of the parties is dependent upon the validity of the Nevada divorce, the challenged decrees, in so far as they attempt to rec-

432

ognize the validity of said divorce and settle the property rights of the parties, are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*