Commonwealth ex rel., Appellant, *v.* Kett.

Argued October 21, 1935. Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES, and RHODES, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*Frank J. Strassner, Jr.,* with him *Kirchner, Mitchell & White,* for appellee.

OPINION BY PARKER, J., November 20, 1935:

Grace Adele Kett, on May 22, 1935, presented to the municipal court a petition for an order of support on her husband, Russell C. Kett. The defense presented at the hearing was that the parties had been divorced, and it is necessary to refer to those proceedings to ascertain the facts.

Husband and wife had each filed libels in divorce and the actions were consolidated and heard in the Court of Common Pleas No. 1, Philadelphia. A master recommended that a decree be entered for the husband and that the wife's libel be dismissed. After exceptions filed and heard, that court entered the following order: "Final Decree. The exceptions to the Master's report are sustained. The libel of the husband, Russell C. Kett, is dismissed. A divorce is granted the wife, Grace Adele Kett, on the grounds of cruel and barbarous treatment and indignities to the person. Let a decree be entered accordingly." The husband appealed to this court from the decrees entered in each case and, after argument, the order and decree of the court of common pleas were, on March 13, 1935, affirmed (117 Pa. Superior Ct. 236, 177 A. 509) in the following language: "The decree of the court awarding a divorce to Grace Adele Kett is affirmed, and the order of the court dismissing the libel of Russell C. Kett is affirmed at costs of appellant."

At the argument of the divorce cases, counsel for the husband suggested that a final decree had not been

entered in the action in which the wife was the libellant and that that appeal was therefore premature. Thereupon, counsel for both libellant and respondent at bar waived any irregularity in entering the decree and requested a final disposition by this court of both actions. In an opinion filed we said: "There was an irregularity in entering the decree, the effect of which both sides waived at bar."

We are all of the opinion that the decree entered in the court of common pleas in the case of Grace Adele Kett v. Russell C. Kett was a final decree. It is provided by the rules of that court that after the report of the master is filed and considered by the court, "if the court decides that a divorce should be granted, a rule *may* be entered on the respondent to show cause why a decree of divorce should not be made." (Italics supplied.) The lower court did not cause a rule to issue to show cause why the divorce should not be entered, but immediately directed the entering of a decree using this language: "A divorce is granted the wife ...... Let a decree be entered accordingly." We have no doubt about the right of the court in a proper case to order the immediate entering of a final decree. This is particularly so in a case where there have been exceptions filed and there has been an opportunity to argue the cause before the court. The rule at best but affords the parties an opportunity to be heard further, and this right was waived by both at the bar of this court in the divorce action. If the failure to issue a rule to show cause was irregular, the party complaining should have insisted upon his objections in the divorce action. He not only did not do so but specifically waived any such right before this court. It appearing by the record that the decree became final before the initiation of this action, the petition was properly dismissed.

The order of the court below is affirmed.