634

## Commonwealth v. Kuestner

*Hazel H. Brown,* for Commonwealth.
*Herman Lieberman,* for defendant.

WALSH, J., December 29, 1937.—The matter comes before us on a petition for attachment for failure of defendant to pay his wife the sum of $15 per week for her support. The arrearages as of the date of the hearing herein amount to $550. The order was originally entered on December 12, 1933. On March 31, 1937, the defendant filed his petition to vacate the order on the ground that a decree of absolute divorce had been granted him on January 11, 1937, by the Court of Common Pleas, County of Summit, State of Ohio. To this petition, the prosecutrix filed her answer, attacking the jurisdiction of the Ohio

court and the validity of its decree. A hearing was held thereon before Judge William M. Lewis on April 28, 1937, and the petition was dismissed. No appeal was taken from this decision. Thereafter, the prosecutrix filed her petition for attachment. The defendant filed his answer, alleging that the order for support was made null and void by the aforesaid decree of divorce.

There are two questions to be determined herein: (1) Is the matter res judicata, because of the decision of Judge Lewis?; (2) if it is not, is the divorce granted by the Ohio court effective as a defense for the defendant?

The first question must be answered in the affirmative. The very question now involved was finally adjudicated by Judge Lewis previously. The parties are the same. The issue is the same. Judge Lewis held that the decree of the Ohio court did not affect the order for support. It matters not that the issue is now raised by the defendant in the negative, as a defense, whereas it was previously raised in the affirmative, to support a petition to vacate the order. The question, involving the same parties, remains the same: Did that divorce affect defendant's duty to support his wife? Judge Lewis ruled that it did not. No appeal was taken from that ruling and the time for taking the appeal expired before the present phase of the proceedings was begun. In essence, the defendant's answer is a petition for reconsideration and reargument of the former petition. It comes too late at this stage, and it is addressed to the wrong person. The previous decision having been rendered by Judge Lewis, any request for reconsideration, or reargument, must be addressed to him and is allowable only by him. As he was and is available, only he can reconsider his ruling.

We have gone into the procedural aspect so that in the future there may be no further confusion in this regard. The decision of a particular judge in matters of support is final as to the situation as it exists at the time of the ruling. New petitions or proceedings are proper only when new facts and changes in circumstances are present.

If the situation is unchanged, the party feeling himself aggrieved can ask for a reconsideration by the judge whose ruling he questions, or he can appeal. He cannot have the same matter reconsidered by another judge of the same court. In these matters there is no appellate jurisdiction in one judge of the Municipal Court to change the ruling of another judge of the same court.

Thus, on this ground alone the defendant's plea must be dismissed.

As to the question of the effect of the Ohio divorce, we are in full accord with our colleague. The matrimonial domicile of the parties was not in Ohio; the respondent in those proceedings (prosecutrix herein) was not served with process in Ohio; and she did not appear in those proceedings. The law relating to this is fully discussed in the recent case of Commonwealth ex rel. v. Cronhardt, 127 Pa. Superior Ct. 501, and anything which we might attempt to add to that opinion would be properly classified as surplusage.

The only complicating fact herein is that after the prosecutrix learned that divorce proceedings had been instituted against her in Ohio, she appealed to the Court of Chancery of New Jersey for an order restraining her husband from proceeding with the divorce action in Ohio. The New Jersey court granted a temporary injunction, pending hearing, and ordered copies of the bill and order mailed to the defendant, his Ohio counsel and the clerk of the Ohio court. The defendant claims that this amounted to an appearance before the Ohio court. With this we cannot agree. The entire proceedings by the prosecutrix were directed toward a denial of jurisdiction in the Ohio court. The case of Commonwealth ex rel. v. Parker, 59 Pa. Superior Ct. 74, cited by the defendant, is not in point. In that case the respondent in the foreign divorce had filed her answer, designating it as her answer to the libel, and answered each allegation thereof. She then made counter-charges and concluded with a prayer for her protection by the court before whom the divorce was

pending, under the laws of that State. Obviously, she was contesting the divorce before the court determining that matter, and her answer constituted a general appearance. It was so held. Hence, the divorce was binding on our courts.

Such was not the case here, as we have demonstrated.

The defense herein is without merit. Therefore, the defendant shall appear in court to purge himself of contempt.