## Commonwealth v. George

*Charles Scott Williams*, district attorney, for Commonwealth.

*Lewis G. Shapiro*, for defendant.

LARRABEE, P. J., June 23, 1938.—This proceeding was instituted by Stella E. George, prosecutrix, to compel her husband, Raymond S. George, to contribute to her support and maintenance.

It appears that the parties were married on May 5, 1915, and that their home and permanent address had always been within the Commonwealth of Pennsylvania, down to the time when the husband departed from Pennsylvania for Duval County, Florida, in November 1936. One child was born of the marriage, a son, now 21 years of age.

Defendant was disabled in the World War, and, as a result of the disability, receives from the Government $100 per month and from an insurance company the further sum of $37 per month, giving him a total monthly income from these two sources of $137. It also appeared he was employed intermittently at a local automobile garage.

On November 4, 1936, defendant left his wife and home in the City of Williamsport, and went to Duval County, State of Florida. Ten days later he mailed a letter to his wife asking her to give him a divorce. The opening paragraph of this letter is as follows:

"Nov. 14, 1936

"Stella

"I am writing you to ask you to do something for me as you know we have not lived as man and wife for a long time and I am going to stay down here. I want you to give me a divorse if you do not contest it, I will give you (30.00) thirty dollars a month as long as I live and you can have the things that we have accumulated there."

The wife did not reply to this communication, and defendant proceeded to obtain a divorce in Florida, which was granted by the Circuit Court for the Fourth Judicial Circuit of Duval County, Florida, on June 14, 1937.

The husband had been in Florida on one previous occasion, during the winter season. It was shown that he did not invite his wife to accompany him to Florida on this occasion or to come there at any time while he was staying there, and immediately after the divorce was granted he returned to Pennsylvania, in June of 1937, where he has since resided. The wife was never a resident of Florida, and the evidence disclosed that the matrimonial domicile of the parties had always been in the Commonwealth of Pennsylvania. No personal service of the subpoena in divorce or of any other writs pertaining to said divorce procedings were had upon the wife, and notice to her was given by publication only. No appearance was entered by the wife in said divorce proceedings.

Defendant was arrested and brought into court for a hearing, and testimony was adduced on behalf of both Commonwealth and defendant.

From the testimony the court is of the opinion that defendant was not acting in good faith, that his sole purpose in going to Florida was not to make that his place of residence but simply to establish a temporary domicile

for the purpose of obtaining a divorce there by constructive service. The question before the court is whether the wife, whose residence has always been in the Commonwealth of Pennsylvania, who was never domiciled in the State of Florida and whose husband, after obtaining a divorce, returns to the Commonwealth of Pennsylvania to live, is entitled to support from him.

We conclude that the Circuit Court of Duval County, Florida, never acquired jurisdiction over Stella E. George or had any power to pronounce a decree of divorce which would be binding on her, and that said decree is void so far as it affects the rights of the wife, against defendant, outside of the territorial limits of the State of Florida.

In Grossman's Estate (No. 1), 263 Pa. 139, it appeared that the parties were residents of Butler County, Pa., and the husband went to the State of Nevada and obtained a decree of divorce, and it was shown that the wife had never resided in Nevada, and that the cause of action did not arise in that State, and she did not appear by counsel in the divorce proceedings, and was not lawfully served with judicial process, and that after obtaining the decree of divorce Grossman returned to Pennsylvania and remarried. The Supreme Court of Pennsylvania held that the court in Nevada was without jurisdiction to enter a decree against the absent respondent, who had not acquired a bona fide domicile in that State, which would be binding on said respondent, and could not affect the property rights of the first wife whose domicile continued to be in the Commonwealth of Pennsylvania. See Duncan v. Duncan (No. 1), 265 Pa. 464, Commonwealth v. Ainsworth, 20 Pa. C. C. 123, and Haddock v. Haddock, 201 U. S. 562.

And in the more recent decision in Radinovitz's Estate, 299 Pa. 264, it was held that:

"A decree of divorce entered by the court of a State in which the parties husband and wife had never lived together, where there is no personal service on the respond-

ent within the forum and where the respondent has not recognized the validity of the divorce at any time, is of no validity in this State".

In Commonwealth ex rel v. Cronhardt, 127 Pa. Superior Ct. 501, 507, it was held:

"That domicil is a jurisdictional fact necessary to the extra-territorial validity of a foreign decree of divorce, the lack of which may be raised in a collateral proceeding is shown by the following Pennsylvania cases, some of which involve the refusal to recognize Nevada divorces, rendered on constructive notice only: *Colvin v. Reed*, 55 Pa. 375; *Grossman's Estate*, 263 Pa. 139, 106 A. 86; *Reel v. Elder*, 62 Pa. 308; *Fyock's Estate*, 135 Pa. 522, 19 A. 1056; *Duncan v. Duncan*, 265 Pa. 464, 109 A. 220; *Hein's Estate*, 22 Pa. Superior Ct. 31; Beale, Conflict of Laws, Section 113.6, page 492, note 6". And " 'The right to impeach collaterally a decree of divorce made in another state by showing fraud or want of jurisdiction has been frequently recognized.' "

In view of these authorities we are of the opinion that outside of the territorial limits of the State of Florida the decree of divorce obtained by defendant can have no binding effect upon his wife and that, he having returned to Pennsylvania, she is not precluded from insisting on her rights to support and maintenance from defendant as his lawful wife.

The rule in Pennsylvania is that a divorce granted on constructive service only at the domicile of the libellant alone will not be recognized as a matter of comity in this State. Pennsylvania is not required by the full faith and credit clause of the Constitution to recognize such a decree and like New York and a few other States refuses to do so as a matter of comity: Commonwealth ex rel v. Cronhardt, supra; Colvin v. Reed, 55 Pa. 375; Grossman's Estate, supra; Duncan v. Duncan (No. 1), supra.

It having been shown that Stella E. George has not received any support from defendant and has no other source of support, but is compelled to rely on her own

personal efforts for a livelihood, we find that she is entitled to proper support from the defendant.

### Order

And now, to wit, June 23, 1938, it is ordered and decreed, that defendant, Raymond S. George, shall henceforth pay to Stella E. George, for her proper support and maintenance, the sum of $30 per month, payable in equal semi-monthly installments, of $15 each, on the first and fifteenth days of each month until the further order of this court. The said Raymond S. George shall also pay the costs of prosecution, and give security by one or more sureties to the Commonwealth of Pennsylvania in the sum of $500 for the faithful compliance with this sentence.