# Commonwealth ex rel. Charles Edwin Ellmore, Flora Mildred Ellmore, Lottie Erdine Ellmore *v.* Blair Butler, John Himes, Frank Shuman, Appellants.

*Parent and child—Custody of children—Grandparents—Visit to parent—Habeas corpus.*

An order of court, directing that a minor child of the relator, who had been in the custody of the relatives of his deceased mother, should visit his father for a week at Christmas, and six weeks during the summer, will be affirmed.

Under the provisions of the Act of 1917, P. L. 817, the Superior Court, in habeas corpus proceedings involving the custody of children, is required to consider the testimony, and make such order upon the merits of the case as to right and justice shall belong. The burden in such case is, however, upon the appellant to establish that the decree of the court below is, under the evidence, manifestly erroneous, or based upon a mistake of law.

Where there is evidence that the relator is a successful business man, and is married to a woman of fine character, anxious to have the children in the home of their father, the Superior Court would not reverse an order permitting the father to have the children in his custody for a period of seven weeks during the year.

Argued October 27, 1924. Appeal, No. 25, Oct. T., 1923, by respondents, from decree of C. P. Blair Co., June T., 1921, Nos. 30, 31 and 32, in the case of Commonwealth ex rel. Charles Edwin Ellmore, Flora Mildred Ellmore, Lottie Erdine Ellmore v. Blair Butler, John Himes, Frank Shuman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Habeas corpus to recover the custody of minor children. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court decreed that the petitioners should have the right of possession of Charles Edwin Ellmore for a period

of one week during the Christmas holidays, beginning on the 27th of December, and for a further period of six weeks beginning the first day of July of each and every year, until further order of court; the child during the balance of the year to remain in the control of the respondents. Respondents appealed.

*Error assigned* was the decree of the court.

*Marion D. Patterson,* and with him *Frank G. Fisher,* for appellant.

*S. B. Hare,* for appellee.

OPINION BY PORTER, J., February 27, 1925:

The relators in this habeas corpus proceeding sought to obtain the custody of Charles Edwin Ellmore, a son of the relator Charles A. Ellmore, by a former marriage. The mother of the boy, the former wife of Charles A. Ellmore, died in October, 1918, and from that time until the institution of this proceeding the boy had lived with the relatives of his deceased mother. The evidence would certainly have warranted a finding that the father of the boy had liberally supplied funds for the maintenance of the boy and his two sisters by the relatives of their deceased mother until some time in the year 1919 when the maternal grandfather declined to receive further compensation for the maintenance of the children and sought to even prevent the father of the children from having any communication with them. The maternal grandfather and grandmother of the children, in December, 1920, instituted in the Court of Common Pleas of Blair County a proceeding for the adoption of the children, but Charles A. Ellmore, the father, objected and intervened in the proceeding, and the court after a hearing dismissed the petition, in the month of June, 1921. Charles A. Ellmore had, on January 17, 1921, remarried, and shortly after the petition of the grand-

parents for the adoption of the children had been dismissed, he and his present wife instituted the habeas corpus proceeding to obtain the custody of this boy and at the same time instituted like proceedings against John Himes, the maternal grandfather of the children, and Frank Shuman, another relative of the children on the maternal side, respectively, to obtain the custody of the two sisters of the boy. The court below, after a patient hearing, and mature consideration of the testimony, was of the opinion that the best interests and welfare of the children, respectively, required that they should remain in the custody of the several respondents, and so ordered and decreed, and further ordered and decreed that the relators should have the right to the possession and custody of the several children "for a period of one week during the Christmas holidays beginning on the 27th of December, and for a further period of six weeks beginning the first day of July each and every year until the further order of the court." The relators have not appealed from the decree of the court below, but the several respondents, relatives of the children on the maternal side, are not content that the father of the children should have the right to the custody and company of his children during the brief periods in each year permitted by the decree of the court below. The parties filed in the court below a stipulation that the right to the custody of the other two children should abide the result of the appeal in the present case and we have this appeal by the respondent, Blair Butler.

The Act of 1917, P. L. 817, gives to any party aggrieved by an order or decree in any habeas corpus proceeding, involving the custody of children, the right to appeal therefrom and imposes upon the Superior Court the duty to consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong. The jurisdiction thus conferred we have exercised in numerous cases and have not hesitated to

reverse a decree which was clearly erroneous. The burden in such a case is, however, upon the appellant to establish that the decree of the court below is, under the evidence, manifestly erroneous, or based on a mistake of law. The decree in the present case was not based on any misapplication of legal principles. The only questions of fact involved were, (1) Had the father of the children by his previous conduct forfeited all right to their custody, and (2) Were the relators fit persons to have the custody of the children for the limited periods of time contemplated by the decree, and (3) What did the best interests and welfare of the children, respectively, require? The evidence clearly indicated that for a considerable period of time after the death of his wife, in October, 1918, Charles A. Ellmore had very liberally contributed to the maternal relatives of the children funds for the support and maintenance of the children. There was later an estrangement between the father of the children and their maternal relatives and there was sufficient evidence to warrant a finding that the latter had refused to permit the former to contribute in any manner for the support of the children, had done all in their power to prevent the father from communicating with his children, and had finally attempted to adopt the children in order to deprive the father of any right to in any manner interfere with the future life of his own children. There was, it is true, a conflict of evidence upon these particular matters, but the evidence was clearly sufficient to support the conclusion at which the learned judge of the court below arrived. There was testimony by parties, seemingly wholly disinterested and responsible, which warranted a finding that the relators were fit persons to have the custody of the children. There was no dispute, under the evidence, that the father is carrying on a successful business, owns the comfortable home in which he lives and is amply able to properly take care of the children, and the lady to whom he is now married is a woman of fine character and anxious

to have the children in the home of their father. With all this evidence in the case we would not be warranted in declaring that the order of the court below, permitting the father of the children to have their custody and company during seven weeks of each year, was clearly erroneous.

The decree is affirmed and the appeal dismissed at cost of the appellant.