Com. of Pa. ex rel., Appellants, v. Yarnell.

418

Argued December 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-FELD and PARKER, JJ.

*Evlyn Latta Lutes,* for appellants.

*John J. Price,* and with him *Cole P. Price,* for appellees.

OPINION BY PARKER, J., March 3, 1933:

Paul F. Thompson, the father of a minor, Kenneth P. Thompson, instituted habeas corpus proceedings in the court below for the purpose of securing the custody of his child. The respondents, Else I. Yarnell, mother of the minor and former wife of relator, and Llewellyn R. Yarnell, following a marriage ceremony on May 31, 1929, have been living together as husband and wife, maintaining a home, and supporting the minor. After several temporary orders, one of which at least was by agreement of the parties, a hearing was had,

and the boy Kenneth was placed in the custody of his mother. From this order so made, this appeal was taken.

It is provided by the Act of June 26, 1895, P. L. 316, Sec. 2; 48 P. S. 92, that in all cases of dispute between the father and the mother of a minor child as to the custody of such minor, regard shall be first had "to the fitness of such parent and the best interest and permanent welfare of said child." The first section of this act, as amended by the Act of May 13, 1925, P. L. 638; 48 P. S. 91, provides: "A married woman, who is the mother of a minor child (and who contributes by the fruits of her own labor or otherwise toward the support, maintenance and education of her said minor child), shall have the same and equal power, control and authority over her said child and shall have the same and equal right to its custody and services and earnings as is now by law possessed by her husband, who is the father of such minor child: Provided, however, That the mother of such minor child is otherwise qualified as a fit and proper person to have the control and custody of said child." Our duty in reviewing such proceedings is prescribed by the Act of July 11, 1917, P. L. 817, Sec. 1; 12 P. S. 1874, which directs that this court "shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong." Com. v. Butler, 84 Pa. Superior Ct. 291; Com. v. Faxstein, 84 ib. 243; Com. v. McGee, 103 Pa. Superior Ct. 12, 157 Atl. 345. The case, therefore, cannot be dismissed after ascertaining whether there was evidence supporting the conclusions of the court below, but we must examine the record in the light of the circumstances as they now exist and the probabilities of the future for the purpose of determining, insofar as it is within our power, the proper order to be made.

The only testimony disclosed by the printed record of the docket entries and papers on file was that which was taken before the court of common pleas on August 25th, and filed August 27, 1931. On the evidence so produced, we must perform the duties imposed on us by the Act of 1917. Such orders as were made previous to that time were temporary and disclose the intention of the court to postpone final disposition of the case until testimony was so taken. The parents of the child secured a divorce in the state of Delaware, and the respondent has remarried, but the relator has not. Most of the evidence produced at the hearing had to do with a question as to whether Llewellyn R. Yarnell had a valid divorce from his former wife, Sarah Jane Hulett, when he married Else I. Thompson. From such testimony, we learn from Yarnell himself that he secured a decree of divorce in Mexico after an alleged residence there of not to exceed three weeks. When counsel for relator endeavored to show by the libellant in the Mexican divorce proceedings that his former wife was not in Mexico and was not served, but was at the time in a hospital for insane, the respondent objected to the reception of such testimony and was sustained by the court. The appellees certainly have no cause for complaint on that score. The moral fitness of the wife as affected by the marital status of the two respondents was but one element to be considered below or here. If a fraction of the time devoted to the Mexican divorce had been expended in furnishing other facts as to the relative ability and fitness of the parties to nurture, rear, and educate this child, our problem would have been simplified, and we would have been on firmer ground in adjudicating the controversy. In these cases, we are not dealing with money judgments or adjusting ordinary property rights between individuals, but with interests that are vital to an innocent child and the state. More evi-

dence should have been produced as to the qualifications of the parents financially, physically, morally, and spiritually to rear the unfortunate child.

It is so well settled that it does not require the citation of authorities to say that the paramount consideration in cases of this nature is the welfare of the child. The lower court, with the advantage of having seen and heard the parties, has decided the issue in favor of the mother, and we would ordinarily hesitate to interfere with that decision. After a careful consideration of the testimony by the members of the court, we have come to a different conclusion.

The testimony produced by the father discloses that he is in a position to properly care for the child; that he is steadily employed, and has the assistance of a competent relative as housekeeper. When the child has been with the father, this relative, an aunt, has made her home there; and the father and aunt stated that, if the father is given custody of the child, she will remain there to assist in his education. She is an experienced school teacher and fond of the child. The relator further showed that Llewellyn R. Yarnell was a British subject responsible for the education of children by his first marriage, and that the mother had no means of her own and was dependent entirely upon her second husband for her own support or the support of the child, without any indication upon the part of Yarnell that he would assume any responsibility for the maintenance and education of Kenneth Thompson. The respondents confined their testimony almost exclusively to the production of a record of the Superior Court of Delaware showing that an order was made in July, 1925, committing the custody of the child to the mother. This order is not binding on, or of assistance to, us at this time. When Mrs. Yarnell was under cross examination, the relator offered to show the relations between Yarnell and his alleged wife,

Else I. Yarnell, prior to their marriage. The lower court sustained an objection to this offer and limited the libellant to proof of criminal relations between the parties. This testimony should have been received as it bore on the moral fitness of Else I. Yarnell to have custody of the child.

We are concerned not alone with the immediate present, but with the future welfare of the child as well, and we cannot avoid the conclusion that with the father the child is assured of a more satisfactory home and permanent maintenance. Taking the testimony as a whole, we believe that the best interests of the child will be promoted by placing him in the custody of the father with the right of the respondent to visit the child in his home or at some other place at reasonable times, and on occasions during weekends and the like, to have him in her control. If the parties cannot agree upon an amicable arrangement, they may make application to the court below to determine their rights in this respect, and that court will have power to enter and enforce an appropriate order. Should circumstances change and the best interests of the child so require it, other or different orders can be made at a later date on proper application to that court.

The order of the court below is reversed, and the record remitted with instructions to enter a decree transferring the custody, control and care of the child, Kenneth P. Thompson, to his father, Paul F. Thompson, subject to such regulations as may be made not inconsistent with this opinion.