## Commonwealth ex rel. v. Manzi, Appellant.

Argued October 22, 1935. Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Francis M. Gumbes,* for appellant.

*John F. Burgess,* Assistant District Attorney, with him *Charles F. Kelley,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

Defendant, Nicholas (Nicola) Manzi, appeals from an order of the municipal court directing him to pay five dollars a week for the support of his wife, Ersilia Manzi.

At the oral argument we were somewhat troubled as to whether the procedure in the court below would support the order; but on fuller consideration we have come to the conclusion that in view of the informal character of such proceedings in the court below and the fact that the defendant appeared and filed an answer and the case was fully heard on the merits, the order should not be disturbed because of a formal procedural defect.

On November 10, 1932 Ersilia Manzi presented her petition to the municipal court asking for an order against her husband, the said Nicholas (or Nicola) Manzi,—who, she alleged, had separated himself from his family without reasonable cause—, for the support of their two children Eligio and Hilda. She asked for no support for herself because, at the time, her husband, who had brought an action for divorce against her in the Court of Common Pleas No. 3 of Philadelphia County, was under an order of that court of $75 a month, for alimony pendente lite. The petition was

docketed in the Municipal Court to No. 3922, December Term 1932, and was so proceeded with that on December 12, 1932 the court ordered defendant to pay five dollars a week for the support of his daughter, Hilda. On April 2, 1933, pursuant to a petition of the defendant for the discontinuance of the order and the remission of arrearages, the court reduced the order to $4 a week and ordered defendant to pay one dollar a week additional until the arrears were paid. The order fixed no limit of time when such payments should automatically stop. On January 3, 1935 Ersilia Manzi presented her petition to the Municipal Court asking that the order previously made for the support of Hilda be vacated, as the latter had been graduated from high school, and that, instead, the defendant be ordered to pay $75 a month for the support of the petitioner, his wife. In the meantime the divorce action before referred to had been dismissed, as hereinafter more fully related, and the order for alimony pendente lite had ended with it. This petition was docketed to the prior number and term in the Municipal Court. The defendant appeared and filed an answer in which he alleged that the petitioner was no longer his wife, as he had on December 21, 1934, obtained a decree of absolute divorce from her; but he failed to state the jurisdiction of the court which granted the divorce or any facts which called for denial by her, if the rules of the municipal court provide for a reply. On the hearing which followed he produced a certificate and record of a final decree of divorce rendered in his favor by the First Civil Court, Bravos District, State of Chihuahua, Mexican Republic. The petitioner was sworn at the hearing, and testified that she was not in Mexico during the years 1933 and 1934; that she had not been served with process relative to her husband's action for divorce within the Republic of Mexico, nor had she entered an appearance in said action. The court ordered the de-

fendant to pay his wife, the petitioner, the sum of five dollars per week.

The facts in the record may be summarized as follows: On March 3, 1934, this court, in an opinion by President Judge TREXLER, reversed a decree of the Court of Common Pleas No. 3 of Philadelphia County, granting the said Nicola Manzi a divorce from his wife, Ersilia Manzi, on the ground of indignities to the person, such as "to render his condition intolerable and life burdensome and thereby compel him to withdraw from his home and family," and remitted the record to the court below with directions to dismiss the libel; which was done. See 112 Pa. Superior Ct. 332, No. 330 October Term 1933, reversing the decree in No. 10926, June Term 1931.

Sometime later—the exact date does not appear—Nicola Manzi, without further cohabitation with his wife, apparently went to the State of Chihuahua, Mexico, and, on November 19, 1934, filed an action for divorce there against his wife, Ersilia Manzi, on the ground of 'bad treatments.'[1] The decree of divorce shows that service was ordered to be made on Ersilia Manzi by the sheriff of Philadelphia County, Pennsylvania; that she did not appear to nor answer the action and was not represented by counsel; that notwithstanding the foregoing the judge of the First Civil Court, Bravos District, State of Chihuahua, Mexican Republic on December 22, 1934 granted Nicola Manzi a decree divorcing him from the marriage which had been contracted with his wife, Ersilia Manzi, on April 27, 1912.

Attached to the decree was a certificate issued by the Vice Consul of the United States of America at Ciudad Juarez, Chihuahua, Mexico, setting forth that "For the contents of the annexed document and the legal effect,

---

[1] The English translation of the Mexican documents affixed to the record is fearfully and wonderfully made.

if any, it may have in the several states of the United States the consulate can assume no responsibility," together with a summary of two decisions of the Supreme Court of Mexico declaring certain divorces obtained in the States of Mexico and Morelos, respectively, invalid, to wit: " 'The authority competent to try a divorce case is the judge having jurisdiction where the husband and wife are domiciled; and according to Article 27 of the Civil Code of the Federal District, in order to acquire domicile it is not sufficient to live at a certain place but necessary that the residence be habitual.' No. 2336, 1929, 2nd Section." " 'If it is established that the *defendant* in a suit for divorce in the State of Morelos has his domicile without that Federal Entity, even though notice has been given by means of publication in the Diario Official of this State, it shall be considered that service has not been properly made and that, consequently, injunction against the sentence given may be granted since the defendant has not been given an opportunity to defend himself because of lack of notice.' No. 3485, 1930, 2nd Section."

The Mexican record did not set forth when Nicola Manzi came to live in the State of Chihuahua, Mexico, so that it might be determined whether his 'residence was habitual.'

In this proceeding by the wife, Ersilia Manzi, against her husband, Nicholas (Nicola) Manzi, for support, the defendant, who has come back to Philadelphia and resumed his residence here, produces this decree of divorce from the Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico, and asserts that the comity of nations requires that the courts of this State shall give full force and effect to it, notwithstanding the effect of such a ruling would be to nullify and set aside a prior judgment of this court on the same subject matter, and notwithstanding the decree on its face shows that the wife, Ersília Manzi was not within the

jurisdiction of the Mexican Court and had not appeared or been represented by counsel. The attempted service of process on Mrs. Manzi by the sheriff of Philadelphia County, if made, was of no effect to compel her appearance and answer in a foreign jurisdiction. The sheriff of Philadelphia County has no right and authority, by virtue of his office, to make legal service, binding within this State, of process issued by the courts of a foreign state: Ralston's App., 93 Pa. 133; Colvin v. Reed, 55 Pa. 375, 380, 381; Coleman's App., 75 Pa. 441; Overseers of Limestone Twp. v. Overseers of Chillisquaque, 87 Pa. 294; Steel v. Smith, 7 W. & S. 447, 450; Rogers v. Burns, 27 Pa. 525, 527; Pennoyer v. Neff, 95 U. S. 714. For the purposes of this case the decree of divorce relied on is, within this State, of no valid force and effect. There is no need to refer to any of the authorities cited by the appellant, except one. They are readily distinguishable on the facts.

Appellant relies strongly on certain language used by Mr. Justice MAXEY, speaking for the Supreme Court of this State, in Com. ex rel. Thompson v. Yarnell, 313 Pa. 244, 169 A. 370, but even a cursory reading of that opinion will show that it gives the appellant here no substantial support. That was a case where a man was trying to take away the custody of his child from its mother and his former wife, who had married Yarnell after the latter had obtained a Mexican divorce from his wife. We were under the impression that the relator in that case, had offered to show, but was not allowed to prove, that the first Mrs. Yarnell was not in Mexico while her husband's proceedings for divorce were pending—Yarnell testified he was there himself only three weeks at most (108 Pa. Superior Ct. 420)—and had not appeared to the action nor been legally served, and was at the time a lunatic in a hospital for the insane, who could not appear except by a committee, or be served with process. This court was of the opinion, (See 108

Pa. Superior Ct. 417, 422), that the relator should have been permitted to show the relations existing between his former wife and Yarnell prior to the latter's obtaining his Mexican decree of divorce, as bearing on her moral fitness to have the custody of the child. The Supreme Court thought otherwise, and we accept their better judgment in the matter. We accept also their statement of the facts in the record in place of our own erroneous understanding of them as obtained from an apparently faulty reading of the record. These matters must be borne in mind in considering the extract which follows from the opinion of the Supreme Court (313 Pa. 250) relied on by the appellant here, viz., "The answer to this [relator's attack on the Yarnell Mexican divorce] is, that the validity of this Mexican divorce must as the record stands be recognized. Mexico is a sovereign state and the judgments of its courts are entitled to the respect everywhere accorded the judgments of the courts of sovereign states until those judgments are invalidated in the proper manner in the courts of another jurisdiction. 'Foreign judgments are recognized and enforced in this country because of the comity due by one nation to another and to its courts and decrees': 15 R. C. L., page 907, section 388; Hilton v. Guyot, 159 U. S. 113." But the opinion immediately went on to say: "It is true that a foreign divorce may be attacked collaterally by the defendant spouse where his or her rights are involved. It may also be attacked by persons claiming under the defendant spouse. The right to impeach collaterally a decree of divorce made in another state by showing fraud or want of jurisdiction has been frequently recognized. See German Savings & Loan Society v. Dormitzer, 192 U. S. 125, 128; Andrews v. Andrews, 188 U. S. 14, 39; 19 C. J. page 375, sections 844, 845; Rex v. Brinkley, 14 Ont. L. R. 434, and Rex v. Lolley, 168 English Reports 779. Third persons whose rights are concerned may under certain

circumstances attack a divorce collaterally. See Adams v. Adams, 154 Mass. 290, 28 N. E. 260, and Hollingshead v. Hollingshead, (N. J.), 110 Atl. Rep. 19, syllabus 3. However, in order to invalidate the Mexican divorce decree it would have to be shown not only that the then respondent (the first Mrs. Yarnell) was not in Mexico at the time of the proceedings but that she was never properly served with process, was not represented by counsel, and that the cause of action did not arise in the foreign jurisdiction. See Grossman's Est. (No. 1), 263 Pa. 139, 106 A. 86; Duncan v. Duncan, 265 Pa. 464, 109 A. 220, and Haddock v. Haddock, 201 U. S. 562."

The facts in the present case, above recited, are such as to take the Mexican decree out of the comity rule referred to above and subject it to attack by Mrs. Manzi on the grounds stated by Mr. Justice MAXEY in qualification of or departure from that rule (p. 251), to wit, fraud and want of jurisdiction. The attack is made on the decree by Mrs. Manzi herself whose rights are directly involved, not by an outsider, not concerned with or affected by it, as in the Yarnell case. The record shows not only that Mrs. Manzi was not in Mexico at the time of the proceedings but also that she was never properly served with process, did not appear, was not represented by counsel and that the alleged cause of action did not arise in the foreign jurisdiction. It also shows that the alleged ground of divorce arose in this Commonwealth and had been litigated and finally adjudicated by this court against Manzi prior to his trip to and temporary sojourn in Mexico; none of which was, so far as the Mexican record appears, disclosed to the Civil Court hearing his action for divorce. In the state of this record the Mexican divorce was a nullity so far as its effect in this State on the marriage relation between Nicola Manzi and Ersilia Manzi is concerned.

The order is affirmed at the costs of the appellant.