Commonwealth ex rel. *v.* King, Appellant.

Argued March 13, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Horton Smith,* with him *Harry M. Jones,* for appellant.

No appearance or brief, for appellee.

OPINION BY BALDRIGE, J., April 16, 1936:

Aloysius M. Guthrie instituted a habeas corpus proceeding on December 30, 1934, to obtain the custody of his daughter, born in 1931.

The parents of this child were married in 1929 and lived with Elizabeth King, the wife's mother, until 1931. Domestic troubles soon arose which finally resulted in the husband's withdrawing from the home. In 1934, the wife applied for and obtained a divorce on the grounds of cruel and barbarous treatment. The father, in 1932, ceased to give any financial aid toward his daughter's maintenance. The mother is at present employed in Washington, D. C., and contributes toward the support of the child, who has been and is now in the custody of her grandmother, Mrs. King, the appellant.

The lower court, after a hearing in this proceeding, awarded the care and custody of the child to the mother, Mathilda King Guthrie, subject to the provisions that she regularly reside within the county of Allegheny and that the father "have the right to visit said child in a reasonable and proper manner, without molestation in the home in which said child is maintained, and to have the right of custody of said child one-half of the holidays in each year, which are commonly observed in this Commonwealth, and during one-half of the period during which the public schools are in vacation during the summer months." The lower court was probably prompted in imposing the condition on the mother that she reside in Allegheny county as she had testified that she would be willing to abandon her employment in Washington, if necessary, and return to Pittsburgh. We understand from the argument that she does not now desire to resign her present position. From this order, the grandmother, Elizabeth King, appealed.

The appellant has raised a family of thirteen children, the oldest now 35, all of whom have gone through high school, and six of them are graduates of college; four of them are now in the appellant's home. The appellant has certainly had experience in the care and

training of children and her efforts seem to have been reasonably successful. We feel that the child has been properly cared for and that the grandmother is qualified to raise her in cooperation with the mother who more or less frequently returns to Pittsburgh for short periods. The petitioner has no home of his own. He lives with his mother, who did not personally attend any of the several hearings in this case. If the petitioner were awarded the child, it would result in her removal from the maternal grandparent's home, where from her birth she has received proper care and maintenance, to her other grandmother, who, from what appears of record has never evinced an interest in the child, nor has she personally expressed a desire to assume the responsibility of raising her.

It is unnecessary to recite all the evidence, but there is considerable testimony of the petitioner's interference with his wife when she was employed as secretary to an executive of a branch of the Y. M. C. A. connected with the University of Pittsburgh. His conduct was of a character which did not reflect credit on him, and was so embarrassing to his wife that she was practically forced to resign her position and seek employment outside of Allegheny county where she would not be harassed by her former husband.

We have given careful consideration to this record, keeping in mind that the best interest of this little girl is the paramount question to be determined, and have concluded that she should remain with her maternal grandparent. If the father conducts himself in a proper manner, we recommend that the grandmother give him reasonable opportunity to visit his daughter at convenient times.

The decree of the court below is reversed, and it is ordered that the custody of Patricia Guthrie, the minor child, be given to Elizabeth King; costs of this appeal to be paid by Aloysius M. Guthrie.