Commonwealth ex rel. Zimbo, Appellant, *v.* Zoretskie et ux.

Argued October 5, 1936.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*William Y. C. Anderson,* for appellant.

*Carleton M. Strouss,* with him *Frank H. Strouss,* for
appellees.

Opinion by Keller, P. J., December 11, 1936:

On July 20, 1936, John J. Zimbo, the appellant, presented his petition to Judge Cummings of the Court of Common Pleas of Northumberland County, setting forth that his son, John Andrew Zimbo, aged six years, was restrained of his liberty by John T. Zoretskie and Mary Zoretskie, of the Borough of Mount Carmel, and prayed that a writ of habeas corpus might issue directed to the said John T. Zoretskie and Mary Zoretskie commanding them to bring the body of said John Andrew Zimbo before the said judge, and show cause why he should not be relieved of said illegal restraint and delivered into the custody of his father, the petitioner. Judge Cummings issued the writ directing the said respondents to bring the body of John Andrew Zimbo before him at his chambers in Sunbury on Monday, July 27, 1936, at ten o'clock A. M., there to be subject to whatever the said judge should consider in that behalf.

At the appointed time Mr. and Mrs. Zoretskie, who are the maternal grandparents of the boy, John Andrew Zimbo, appeared before Judge Cummings as they had been commanded to do and produced the child. They made no formal return to the writ of habeas corpus. The sheriff, who served the writ, by his deputy, mistakenly filed a return setting forth that he had on July 27, 1936 produced the body of the said John Andrew Zimbo, "by me detained", as commanded. No objection was made by the petitioner or respondents to this erroneous return, and none was made by the petitioner to the failure of the respondents to file a formal return. The child had been produced by the respondents as commanded and the parties proceeded to a hearing on the merits.

After hearing the petitioner and his witnesses, and the respondents and their witnesses, including the child's mother, their daughter, the judge dismissed the writ and remanded the child to his mother, Marcella

Zoretskie, to be kept and maintained by her in the home of her parents—the respondents—where he now is.

The petitioner appealed to this court.

Appellant, by his present counsel,—who was not present at the hearing,—contends that his legal and constitutional rights were prejudiced by the sheriff's return and by the action of the judge in proceeding to hear the respondents and their witnesses without first requiring them to file a return; that he should have adjudged respondents in contempt and refused to permit them to be heard on the merits, until a return was filed.

While it would have been better practice for the respondents to file a return, in addition to producing the body of the child, in strict accordance with the provisions of the Act of February 18, 1785, 2 Sm. L. 275—(sections 1, 13 and 14)—we are of opinion that it was not such a defect as to render invalid the hearing on the merits, in view of the petitioner's failure to make any objections to the lack of a return or to the right of the respondents and their witnesses to be heard. See *Colflesh v. Provident Trust Co.,* 317 Pa. 46, 48, 176 A. 433; *Susquehanna County Auditors' Report,* 123 Pa. Superior Ct. 195, 187 A. 78. Had he made such objection the defect could have been promptly remedied (See *Benner v. Frey,* 1 Binney 366; *Carr v. Aetna A. & L. Co.,* 263 Pa. 87, 93, 106 A. 107) for the Act of 1785 expressly provides that "the return may, before or after it is filed, by leave of the Judge or Justice, be amended ...... that thereby material facts may be ascertained." The object of the proceeding was the ascertainment of the facts, and after a full hearing on the merits we shall not reverse on such a technical point. We have held that mere procedural irregularities in divorce proceedings will not be considered on appeal where objection was not made before hearing: *Epstein v. Epstein,* 93 Pa. Superior Ct. 398, 402, 403; *McCune v. McCune,* 31 Pa. Superior Ct. 248, 251. The same rule will

158

be applied in habeas corpus proceedings, involving the custody of children. The erroneous return of the sheriff did the petitioner no harm.

We are confirmed in our conclusion by later acts of assembly (1) committing to the judges of the courts the power of deciding, in their sound discretion, "to which parent, if either, the custody of a minor child shall be committed, regard being had to the fitness of such parent and the best interest and permanent welfare of said child" (Act of June 26, 1895, P. L. 316) and (2) providing that any party aggrieved by any order, decree or judgment in any habeas corpus proceeding, involving the custody of children, shall have the right to appeal therefrom to the Superior Court, "who shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from as to right and justice shall belong" (Act of July 11, 1917, P. L. 817). These furnish conclusive evidence, in our opinion, that it is the intention of the legislature that technical preliminary procedural errors in habeas corpus proceedings involving the custody of children, not objected to before a hearing on the merits, should not be ground for reversal on appeal to this court, but that the case should be disposed of on its merits as to right and justice shall belong. And the judge is not bound to award the custody of the child to either petitioner or respondent; he may do, as was done in this case, remand the child to the custody of his mother, though she was neither petitioner nor respondent.

We call attention to the fact that the Supreme Court, in its consideration of original habeas corpus proceedings, brought in that court, has not blindly followed the practice set forth in the Act of 1785, but allows a rule to show cause why the writ should not issue, without the production of the relator in court, unless his presence is deemed necessary *(Com. v. Curry,* 285 Pa.

289, 298, 132 A. 370) ; and this court has followed the practice of the Supreme Court.

Coming then to a consideration of the case on its merits, we are not satisfied that the burden resting on the appellant *(Com. ex rel. Ellmore v. Butler,* 84 Pa. Superior Ct. 291, 294) to establish error in the order of the hearing judge has been met. Our reading of the testimony, on the contrary, leads us to agree with his finding—as manifested in his order—that it will be for the best interest and permanent welfare of the child, John Andrew Zimbo, that he be remanded to the custody of his mother, to be kept and maintained by her in the home of her parents, the respondents, where he now is.

The testimony shows that the appellant never did provide a separate home for his wife and child. They lived with his parents in the Borough of Centralia, until three months after the child was born, when the wife went with the child to the home of her parents. Appellant contributed nothing to the support of his wife and child. She was compelled to earn her own living as a teacher, the child remaining in the home of her parents. The wife secured a divorce in 1933. Appellant has not contributed to the support of the child since the divorce was obtained. The mother of the child has gone ahead in her educational training, secured a master's degree and now has a responsible position in the Department of Education of New York City. She makes frequent visits to her son, who is being maintained in comfort and good surroundings by her parents in their home. Appellant has no home of his own. At the time of the hearing he was acting as a bartender in his father's hotel. If the child were taken from its present surroundings and custody and awarded to the father, he (the child) would have to be left to the actual care and custody of appellant's father and mother, in the hotel kept by them, for the place is theirs, not appellant's, and is maintained and

conducted by them. Appellant has no place to keep or care for the child except at their hotel.

In these circumstances we agree with the learned judge of the court below that the interest and welfare of the child will not be promoted by taking him from his present custodians and surroundings and awarding him to the father, for care and maintenance in his parents' hotel. The decree is in accord with numerous decisions of the Supreme Court and of this court, among them, *Com. ex rel. v. Daven,* 298 Pa. 416, 148 A. 524; *Com. v. Addicks,* 5 Binney 520; *Com. ex rel. Guthrie v. King,* 122 Pa. Superior Ct. 13, 184 A. 275; *Petition of Sulewski,* 113 Pa. Superior Ct. 301, 309, 173 A. 747; *Com. ex rel. Boschert v. Cook,* 122 Pa. Superior Ct. 397, 186 A. 229; *Com. ex rel. Trott v. Wilcox,* 118 Pa. Superior Ct. 363, 179 A. 808; *Com. ex rel. Rockey v. Hoffman,* 91 Pa. Superior Ct. 213; *Com. ex rel. Weber v. Miller,* 84 Pa. Superior Ct. 409. See also *Com. ex rel. Hart v. Hart,* 8 W. N. C. 156 (ALLISON, P. J.).

Appellant's complaint that the order appealed from deprives him of his reasonable rights of visiting the child would have force if this part of the order were intended to be permanent. See *Com. ex rel. Parker v. Parker,* 110 Pa. Superior Ct. 287, 292, 168 A. 364. But it is clear that it is not. The judge was of opinion that, in the circumstances then existing, it would be unwise to include such a provision in the order. His reasons are set forth in the opinion filed. The matter remains in the control of the court below—See 8 W. N. C., supra, p. 162—and the right of visiting the child at reasonable times will no doubt be accorded the appellant when he manifests a real interest in and affection for the child and assumes his duty of contributing to its support.

The order is affirmed at the costs of appellant.