SANTOS VÁZQUEZ MORALES, Petitioner and Appellant, *v.* JOSEFINA DÍAZ RENTAS, Respondent and Appellee.

No. 8899. Argued May 16, 1944.—Decided July 3, 1944.

Ramón G. Goyco for appellant. Josefina Díaz Rentas, pro se, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The only matter of any merit involved in this appeal is whether the lower court erred in holding a hearing in the present case of habeas corpus, notwithstanding the fact that the defendant did not file a written return to the writ that was issued. The facts are as follows:

On January 29, 1942, judgment was entered in favor of Santos Vázquez in a divorce case filed by him against Josefina Díaz, his wife, and in said judgment it was provided that "the son born of said marriage, namely, José Santos Vázquez, nine months old, shall remain under the custody and *patria potestas* of the plaintiff." On July 16, 1943, Santos Vázquez filed a petition for habeas corpus in the lower court, in which petition he alleged that due to his son's age he had left him temporarily under the custody of the defendant, but with no purpose or intention of giving up the custody and *patria potestas* of the child, only believing that for the time being he would be better off with the mother, though it has not been so, since said child, now three years old, is badly taken care of, abandoned and neglected, as the mother is never at home and leaves him to be taken care of by other relatives; that the plaintiff has asked the defendant to deliver the child to him, defendant having refused;

that the best interests of the child require that he be restored to the custody of his father, who can take due care of him.

The court issued the writ and on the day set for the hearing the mother appeared with her son but without legal representation, and when the court realized that no return had been filed, the following incident took place:

"Judge: Defendant Josefina Díaz, what would you like to tell the Court, what do you have to answer to the petition, that is, it says here that the child stayed with you because he was one year old, but that now he is three years old and that you are neglecting him, that you are never at home, that you are always out, that you are abandoning, neglecting, and taking bad care of him.

"Defendant: I am not neglecting him.

"Judge: And that his father, that is, plaintiff Santos Vázquez Morales, can take better care of him?

"Defendant: No, sir.

"Judge: Then, you deny all what is said here?

"Defendant: Yes, sir, I deny everything.

"Judge: Have you brought any witnesses to prove your denial?

"Defendant: Yes, sir.

"Judge: Well, then, sit down over there. Go back there.. Plaintiff's evidence."

The plaintiff did not make any objection to the hearing nor did he take any exception. The evidence of both sides having been introduced, the court entered judgment dismissing the petition because in its opinion the welfare of the child, José Santos Vázquez, required that he should continue under the custody and care of his mother. From that judgment plaintiff has taken the present appeal, in which he alleges that the lower court erred in hearing the case on the merits although no return was filed, the facts in the petition being therefore admitted, and that it erred in the appraisal of the evidence.

The first assignment involves a matter new to this jurisdiction.

Section 476 of the Code of Criminal Procedure, the Spanish text of which does not correspond to the English text, provides in its pertinent part that: "The person upon whom the writ is served *must state in his return,* plainly and unequivocally" what is specified in the different subdivisions of said Section, and in the fifth subdivision it is provided that "The return must be signed by the person making the same, and, except when such person is a sworn public officer, and makes such return in his official capacity, it must be verified by his oath."

There can be no doubt, therefore, that the person against whom a writ of habeas corpus is issued is bound not only to take into court the person held by him, but also to file a return under oath (if he is not a public official) giving the reasons for the detention. This return is not, as appellant alleges, "an answer to the petition of habeas corpus," but the allegation made by the person against whom the writ has been issued by the court and it corresponds to the complaint in a civil action.[1] That this is so is further evidenced by §480 of the same Code, authorizing the petitioner to object to the sufficiency of the return, or to controvert or deny the material facts set forth in it. It has been decided in the cases mentioned above and in others, that in accordance with statutes like ours, the person against whom the writ is issued is bound to file a return to it. Nevertheless, in the case of *Jensen* v. *Sevy, supra,* as well as in that of *Commonwealth* v. *Zoretskie,* 188 Atl. 365 (Pa., 1936) it was decided that when the petitioner makes no objection in the lower court and a hearing on the merits is held, in which the evidence of both parties is introduced, the fact that a return is not filed does not render the proceedings invalid. The *Zoretskie* case is similar to the case at bar, for in it a

---

[1] *In re Collins,* 151 Cal. 340, 90 Pac. 827; *Jensen* v. *Sevy,* 134 P. (2d) 1081 (Utah, 1943). In the latter case a careful and comprehensive study is made of all the proceedings to be followed in a case of habeas corpus.

father also applied for a writ of habeas corpus to recover the custody of his son who was under the custody of his maternal grandparents, and though the latter appeared in court with the child, they did not file a formal return to the writ (though the sheriff filed it, the court declared this return to be erroneous). No objection was made by the petitioner, the hearing was held and finally the writ was dismissed, although the child was remanded to his mother who lived at the time with her parents. On appeal, appellant set forth the same matter involved in the instant appeal and the court said:

"While it would have been better practice for the respondents to file a return, in addition to producing the body of the child, in strict accordance with the provisions of the Act (cited) we are of opinion that it was not such a defect as to render invalid the hearing on the merits, in view of the petitioner's failure to make any objections to the lack of a return or to the right of the respondents and their witnesses to be heard. (Citing authorities.) Had he made such objection, the defect could have been promptly remedied. (Citing authorities.) The object of the proceeding was the ascertainment of the facts, and after a full hearing on the merits we shall not reverse on such a technical point."

To the same effect, see *Flournoy* v. *Owens*, 275 S.W. 923 (Missouri, 1925).

We hold, therefore, that according to §476 of the Code of Criminal Procedure, *supra,* the courts should require the person or official against whom a writ of habeas corpus is issued to file a return giving the authority or the reasons for the detention. In the case at bar, however, the petitioner not having objected to the proceedings followed in the lower court, and considering that the parties introduced their evidence and that the case was decided on its merits, the error committed does not carry with it the reversal of the judgment entered by the lower court.

We have carefully read the evidence introduced by the parties and we believe that the lower court did not err on

deciding that the welfare of the petitioner's child requires that he continue under the custody and care of his mother. The judgment appealed from is affirmed.