SANTOS VÁZQUEZ MORALES, demandante y apelante, *v.* JOSEFINA DÍAZ RENTAS, demandada y apelada.

Núm. 8899.—*Sometido:* Mayo 16, 1944. *Resuelto:* Julio 3, 1944.

*Ramón G. Goyco*, abogado del apelante; *Josefina Díaz Rentas*, por su propio derecho.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La única cuestión de algún mérito envuelta en este recurso es si la corte inferior erró al proceder a la vista de este caso de hábeas corpus sin que la demandada hubiera radicado su contestación (*return*) por escrito al auto expedido. Los hechos son los siguientes:

El 29 de enero de 1942 Santos Vázquez obtuvo sentencia de divorcio contra su esposa Josefina Díaz y en ella se dispuso que "el hijo habido en dicho matrimonio, nombrado José Santos Vázquez, de nueve meses de edad, quede bajo el cuidado y patria potestad del demandante." El 16 de julio de 1943 Santos Vázquez radicó en la corte inferior una petición de hábeas corpus jurada, alegando que debido a la corta edad de su hijo lo dejó interinamente en poder de la demandada, sin ánimo ni intención de renunciar a la custodia y patria potestad del niño, creyendo que estaría mejor con la madre, lo que no ha sido así, ya que dicho niño, ahora de tres años de edad, está mal atendido, abandonado y descuidado pues la madre nunca está en su casa y lo deja al cuidado de otros familiares; que el demandante ha requerido a la demandada para que le entregue el niño a lo que se ha negado; que los mejores intereses del niño requieren sea restituído al cuidado de su padre que lo puede tener y atender debidamente.

La corte expidió el auto correspondiente y el día señalado para la vista compareció la madre con su hijo y sin representación legal y al darse cuenta la corte de que no había radicado contestación alguna ocurrió lo siguiente:

"Juez:—La demandada Josefina Díaz, ¿qué quiere decir a la Corte, qué es lo que tiene que contestar a la petición que se hace, o sea, aquí dice que el niño quedó con usted porque tenía un

año, pero que ahora tiene tres años y que el niño lo tiene abandonado, que usted nunca está en su casa, que siempre está afuera, que lo tiene abandonado, descuidado, mal atendido?

"Demandada:—Yo no lo tengo mal atendido a él.

"Juez:—¿Y que el padre de él, o sea, el demandante Santos Vázquez Morales lo puede tener mejor que usted?

"Demandada: No, señor.

"Juez: ¿Entonces, usted niega todo lo que se dice aquí?

"Demandada:—Sí, señor. Yo lo niego.

"Juez: ¿Usted trajo testigo para probar su negativa?

"Demandada:—Sí, señor.

"Juez:—Bueno, pues siéntese ahí. Vuelva allí. Prueba del demandante."

El demandante no hizo objeción a que continuara la vista ni anotó excepción alguna. Practicada la prueba de ambas partes la corte dictó sentencia declarando sin lugar la petición por entender que el bienestar del menor, José Santos Vázquez, requería que continuara bajo el cuidado y la atención de su madre. Contra esta sentencia interpuso el demandante el presente recurso de apelación en el que alega que la corte inferior erró al entrar en la vista del caso sin haberse radicado un *return* o contestación, estando por tanto admitidos los hechos de la petición, y al apreciar la prueba.

 El primer señalamiento envuelve una cuestión nueva en esta jurisdicción.

El artículo 476 del Código de Enjuiciamiento Criminal, cuya traducción en español no se ajusta correctamente al texto inglés, dispone, en lo pertinente, en este idioma, que: "The person upon whom the writ is served *must state in his return*, plainly and unequivocally:" lo que en las distintas subdivisiones de dicho artículo se especifica; y en la subdivisión quinta se provee que: "The return must be signed by the person making the same, and, except when such person is a sworn public officer, and makes such return in his official capacity, it must be verified by his oath."

No hay duda alguna, por tanto, de que la persona contra quien se expide un auto de hábeas corpus, está en la obliga-

ción no sólo de llevar a la corte a la persona detenida por ella, sino de radicar una contestación (*return*) jurada (cuando no sea un funcionario público) exponiendo los motivos de la detención. Esta contestación (*return*) no es, como sostiene el apelante "una contestación a la petición de hábeas corpus" sino la alegación que hace la persona contra quien se ha expedido el auto por la corte y corresponde a la demanda en las acciones civiles.(¹) Que esto es así lo comprueba el artículo 480 del mismo código que autoriza al peticionario a excepcionar la suficiencia del *return* o controvertir o negar las cuestiones de hecho expuestas en el mismo. Se ha resuelto en los casos citados y en otros, que de acuerdo con estatutos como el nuestro, la persona contra quien se dirige el auto está en la obligación de radicar la contestación (*return*) al auto. Empero, tanto en el caso de *Jensen* v. *Sevy*, supra, como en el de *Commonwealth* v. *Zoretskie*, 188 Atl. 365 (Penn. 1936) se resolvió que cuando el peticionario no hace objeción alguna en la corte inferior y la vista se celebra, presentándose la prueba de ambas partes, el hecho de que no se haya radicado una contestación no hace inválido el procedimiento. El caso de *Zoretskie* es similar al de autos, pues en él un padre también solicitó se expidiera un auto de hábeas corpus para recuperar la custodia de su hijo que estaba bajo el poder de sus abuelos maternos y éstos si bien comparecieron a la corte con el niño no radicaron contestación alguna (aunque sí lo hizo el alguacil (*sheriff*), actuación que la corte declaró errónea). No se hizo objeción alguna por el peticionario, se celebró la vista y finalmente el auto fué anulado, si bien el niño fué entregado a su madre que vivía con sus padres. En apelación, el apelante planteó la misma cuestión envuelta en el presente recurso y la corte dijo:

---

(¹) *In re Collins*, 151 Cal. 340, 90 Pac. 827; *Jensen* y *Sevy*, 134 P. (2d) 1081 (Utah 1943). En este último caso se hace un estudio cuidadoso y comprensivo de todos los procedimientos a seguirse en un caso de hábeas corpus.

"Aunque hubiera sido mejor práctica que los recurridos radicaran una contestación (*return*) además de producir el cuerpo del niño, de acuerdo con las disposiciones de la ley (se cita), somos de opinión que no fué una omisión que invalide la vista en sus méritos, tomando en consideración que el peticionario dejó de hacer objeción alguna a la falta de contestación o al derecho de los recurridos y sus testigos a ser oídos. (citas) Si hubiera hecho tal objeción, el defecto pudo ser prontamente curado. (citas) La finalidad del procedimiento era determinar los hechos y después de una completa vista en los méritos no revocaremos por una cuestión tan técnica"

Al mismo efecto, véase *Flournoy* v. *Owens*, 275 S. W. 923 (Missouri 1925).

Resolvemos, por tanto, que de acuerdo con el artículo 476 del Código de Enjuiciamiento Criminal, supra, las cortes deben exigir a la persona o funcionario contra quien se expida un auto de hábeas corpus que radique una contestación (*return*) en la cual se exponga la autoridad o los motivos de la detención. En el caso de autos, sin embargo, no habiéndose objetado por el peticionario ante la corte inferior el procedimiento y habida cuenta de que las partes presentaron su prueba y que el caso fué resuelto en sus méritos, el error cometido no conlleva la revocación de la sentencia dictada.

Hemos leído detenidamente la prueba presentada por las partes y somos de opinión que no erró la corte sentenciadora al resolver que el bienestar del hijo del peticionario requiere que aquél continúe bajo la custodia y cuidado de su madre.

*Se confirma la sentencia apelada.*